DJS:sr



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6041 CR WPD

-vs-   PLEA AGREEMENT

ANTONIO J. FRALLICCIARDI,

    Defendant.
_____/

    The United States of America and ANTONIO J. FRALLICCIARDI (hereinafter referred to as the "defendant") enter into the following agreement:

    1. The defendant agrees prior to February 9, 2000 (or such later date as may be noted pursuant to a valid waiver of statute of limitations executed by defendant) to plead guilty to an Information attached as Exhibit A, which charges the defendant with willfully failing to submit an income tax return to the District Director of the Internal Revenue Service or to any other proper official of the United States, in violation of Title 26, United States Code, Section 7203.

    2. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility; however, the United States will not be required to make this

1



understands that this agreement in no way limits the ability of the Internal Revenue Service to pursue any civil tax matters, including payment of additional taxes, penalties and interest, if any, that may be pending or may arise involving ANTONIO J. FRALLICCIARDI.

6. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to one year, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $100,000.00 (one hundred thousand dollars) and may order restitution and costs of prosecution. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $25.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. The government understands that the defendant will ask for a downward departure pursuant to 5H1.4 and will request a sentence of probation with a special condition of ten months' home confinement, based upon the defendant's heart condition, heart attack and by-pass surgery. The United States Attorney's office for the Southern District of Florida agrees that it will taken no position on such downward departure and will leave the issue of that departure to the discretion of the sentencing court, as long as the defendant agrees that he will not request simple probation in lieu of home confinement. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, the United States Attorney's Office for the Southern District of Florida further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

THOMAS E. SCOTT
UNITED STATES ATTORNEY

Date: Feb. 18, 2000        By: _____
                               DEBRA J. STUART
                               ASSISTANT UNITED STATES ATTORNEY

Date: 3/6/2000             By: _____
                               DONALD I. BIERMAN, ESQUIRE
                               ATTORNEY FOR DEFENDANT

4

Date: 3/9/00                          By: _____
                                          CHARLES RUFFNER, ESQUIRE
                                          ATTORNEY FOR DEFENDANT

Date: 3/9/00                          By: _____
                                          ANTONIO J. FRALLICCIARDI
                                          DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____
26 U.S.C. §7203

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

v.  :

ANTONIO J. FRALLICCIARDI,  :

    Defendant.  :

_____

INFORMATION

The United States Attorney charges:

COUNT I

During the calendar year, 1992, Antonio J. Frallicciardi, who was then a resident of Fort Lauderdale, Florida, in the Southern District of Florida, had and received gross income of $197,393; that by reason of such gross income he was required by law, to file a tax return with respect to income, following the close of the calendar year 1992, and on or before August 16, 1993, to make such return to the District Director of the Internal Revenue Service for the Internal Revenue District for the Southern District of Florida, or to the Director, Internal Revenue Service Center, at Atlanta, Georgia, or to any other proper officer of the United States, stating specifically the items of his gross

EXHIBIT "A"

income and any deductions and credits to which he was entitled; that well-knowing and believing all of the foregoing, he did willfully fail to make an income tax return to said District Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States.

In violation of Title 26, United States Code, Section 7203.

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY


_____
DEBRA J. STUART
ASSISTANT U.S. ATTORNEY